UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 5:04-cr-124-DCR-MAS |
| | ) |
| v. | ) |
| | ) |
| JAMES T. FORE, II, | ) |
| | ) |
| Defendant. | ) |

**REPORT & RECOMMENDATION**

This matter is before the Court for a Report and Recommendation concerning the status of any outstanding issues. [DE 181]. On December 2, 2022, following receipt of a certificate of restoration of competency from the warden of FMC Butner, [DE 184], the undersigned conducted a competency hearing to determine whether Defendant James T. Fore, II ("Fore") has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, as required by 18 U.S.C. § 4241(e). [DE 189]. For the reasons stated below, the Court recommends the District Judge find that Fore has now so recovered and is competent to face further proceedings in this matter, including a final revocation hearing.

**I.    PROCEDURAL HISTORY**

The relevant procedural history of this case is somewhat complex. On April 3, 2006, Fore was convicted of possession and transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (a)(4)(b). [DE 75]. He was sentenced to 165 months of imprisonment and a life term of supervised release. [*Id*.]. On May 3, 2021, Judge Hood issued an arrest warrant for Fore

to appear on alleged violations of supervised release. [DE 157]. Fore was arrested, and he appeared for an initial appearance in the Southern District of West Virginia on May 14, 2021. [DE 159]. That Court ordered Fore's detention and transferred him back to the Eastern District of Kentucky. [DE 162, Page ID# 1018–19].

On June 11, 2021, Judge Hood held a final hearing on Fore's alleged violations of supervised release. [DE 163]. The minute entry for that hearing notes that the Court found that Fore violated the terms of his supervised release, but his supervision would not be revoked. [*Id*.]. The minutes further note that Fore's conditions of supervised release would be modified to include six months of psychological evaluation and care at FCC Butner. [*Id*.]. However, on June 21, 2021, Judge Hood modified the June 11, 2021, minute entry to set aside the finding that Fore violated his supervised released, to order Fore to submit to psychiatric and psychological examinations pursuant to 18 U.S.C. §§ 4241, 4242(1), and for the examiners to file a report detailing their findings with the Court. [DE 166].

On December 20, 2021, after receiving Fore's psychiatric forensic evaluation [DE 171], Judge Hood held a hearing and found by a preponderance of the evidence that Fore was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [DE 173]. Thus, the Court ordered Fore committed to the custody of the Attorney General for appropriate treatment (restoration) for a period not to exceed four months pursuant to 18 U.S.C. § 4241(d). [DE 173]. Judge Hood then extended the four-month treatment period, allowing the warden of FMC Butner to have until November 29, 2022, to submit to the Court a final report concerning Fore's restoration status. [DE 179].

Following Judge Hood taking inactive status, this Case was reassigned to Chief Judge Reeves. [DE 181]. Chief Judge Reeves referred this matter to the undersigned to conduct any necessary hearing and to submit a Report and Recommendation concerning any outstanding issues. [*Id.*].

On November 22, 2022, the undersigned received notice that Fore's period of restoration pursuant to 18 U.S.C. § 4241(d) had concluded and that Fore had been returned to the district. The warden of FMC Butner submitted to the Court a certificate of restoration of competency and Fore's psychiatric report ("Report'). [DEs 184, 185]. The Report was authored by Dr. Evan S. Du Bois ("Dr. Du Bois"), a forensic psychologist, and indicated that Fore's competency had been restored. [DE 185]. As required by 18 U.S.C. § 4241(e), the Court conducted a final competency hearing on December 2, 2022. [DE 189].

At the hearing, the Court reviewed the procedural history with the parties. [*Id.*]. The undersigned and counsel agreed that, by operation of Judge Hood's June 21, 2021, Order modifying Fore's final hearing on supervised release violations [DE 166], the alleged violations were still pending. As such, the parties agreed that Fore was before the Court for a hearing to determine whether his competency had been restored to such an extent that he is capable to understand the nature and consequences of the supervised release violation proceedings against him and to assist properly in his defense. [DE 189]. The Court confirmed that all parties had received and reviewed Fore's Report, and, through counsel, both the United States and Fore stipulated to the admissibility of Dr. Du Bois's report and to his qualifications. The parties also waived introduction of other evidence and argument in opposition, did not contest the Report's findings, and waived the right to cross-examine Dr. Du Bois. Fore's counsel confirmed the that

3

the Report's conclusions are consistent with her observations of the Defendant during the period since he was returned to the district.

## II.  ANALYSIS

"A defendant is incompetent to stand trial when he lacks a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or lacks 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Gooch*, 595 F. App'x 524, 528 (6th Cir. 2014) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). That principle is codified in section 4241, which governs the proceedings in this case. Specifically, section 4241(a) requires the Court, if reasonable cause exists to believe that a defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" to order a hearing to determine the defendant's competency. 18 U.S.C. § 4241(a). If the Court determines the defendant is incompetent, it shall commit the defendant to the custody of the Attorney General for treatment for a period not to exceed four months. 18 U.S.C. § 4241(d).

If, after the period of hospitalization the director of the facility in which the defendant is hospitalized has determined the defendant's competency is restored, he must file a certificate to that effect with the Court. 18 U.S.C. § 4241(e). The Court must then hold a hearing to determine by a preponderance of the evidence whether the defendant "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e). Section 4237(d) procedurally governs the competency hearing and assures certain rights, including the right to testify, present evidence, subpoena witnesses on his behalf, and cross-examine witnesses. 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(e) (referencing section § 4247(d)).

The section 4241 framework does not specify which party bears the burden of proving a defendant's competency or lack thereof. Neither the Supreme Court nor the Sixth Circuit Court of Appeals has thoroughly analyzed this issue, though both have commented in *dicta* regarding which party has the burden of proof at a competency hearing. The Supreme Court suggested that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996). The year before, the Sixth Circuit commented, in *dicta*, just the opposite: "The government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (Table), 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995). Regardless, the proof in this case is not disputed, so the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 437, 449 (1992) (stating that the allocation of the burden of proof "will affect competency determinations only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent").

Fore stipulated to both the admissibility and substance of the Report. As such, the only proof concerning Fore's competency is the expert analysis of Dr. Du Bois contained in the Report. Dr. Du Bois's findings are based upon his clinical interviews of Fore, FMC Butner staff members' observations of Fore's behavior throughout his stay at FMC Butner, Fore's mental and medical Bureau of Prisons ("BOP") health records from 2005 to present, various filings in Fore's criminal docket, a telephone interview with Fore's sister, Susan Fore, and a final interview on November 9, 2022, using the Evaluation of Competence to Stand Trial-Revised (ECST-R). [DE 185, Page ID# 1078–79]. Additionally, Dr. Du Bois based his assessment on previous forensic reports performed on Fore over the course of his sentence in this case, including the May 12, 2005, report

of Katherine E. Freiman-Fox, Ph.D, the February 26, 2019, report of Jorge Luis, Psy.D, Dr. Du Bois's own reports dated September 16, 2019, and November 4, 2019, and the December 2, 2021, report of Dawn Graney, Psy.D.  [*Id*. at Page ID# 1079].  The Report ultimately reflects a comprehensive assessment of Fore's history, present physical and mental condition, and circumstances.

Dr. Du Bois generally indicates that Fore exhibited significantly disorganized thinking and behavior that was stabilized over the course of his treatment at FMC Butner by psychotropic medication.  The report notes that Fore arrived at FMC Butner on July 19, 2022, and that he displayed "overt psychotic behavior, including engaging in disorganized, odd behavior and talking to unseen others" during his initial period of treatment.  [*Id*. at Page ID# 1081–82].  Dr. Du Bois noted that, during an initial interview, Fore was oriented only to person, but not time, location, or situation.  [*Id*. at Page ID# 1081].  During his initial period of treatment, Fore accumulated two incident reports for threatening bodily harm and using abusive or obscene language stemming from two separate interactions with FMC Butner staff.  [*Id*. at Page ID# 1082].  However, Fore was deemed not competent and not responsible for both incidents.  [*Id*.].

Fore was "prescribed an injectable antipsychotic medication, risperidone long-acting injection" and received his first dose on August 9, 2022.  [*Id*.].  He began to display improvement in his psychotic symptoms within a week.  [*Id*.].  By September 15, 2022, Fore had demonstrated further improvement, apologizing for his inappropriate behavior during prior incidents with facility staff, but he continued to express delusional beliefs.  [*Id*. at Page ID# 1083].  Fore was moved to a general population mental health unit pursuant to a Gradual Release Plan ("DRP") on September 21, 2022, and he was compliant with the behavioral expectations of that plan.  [*Id*.].  Fore agreed to add an oral medication, olanzapine 5mg, to his regimen on September 23, 2022.

[*Id*.]. He "continued to display improvement in his overall functioning, including grooming and personal- and cell-sanitation" while on his GRP, and he was eventually removed from the GRP on October 12, 2022. [*Id*.]. Since that time, Fore had remained in general population without incident. Dr. Du Bois noted that, during interviews since his release into general population, Fore "demonstrated clear and logical thinking and denied ongoing symptoms of psychosis" and that "no delusional beliefs were evident, and his behavior has remained appropriate within the unit and during interview." [*Id*.].

Dr. Du Bois diagnosed Fore with "Schizophrenia, multiple episodes, currently in partial remission[,]" which he noted remained unchanged from his previous diagnoses. [*Id*.]. Dr. Du Bois stated that Fore's "symptoms have improved substantially during the current hospitalization[,]" but he specified that Fore's diagnosis was "in partial remission" because Fore's symptoms had only recently remitted with medication. [*Id*. at Page ID# 1084]. Dr. Du Bois indicated that "[i]t is likely that with continued compliance with his current medication regimen, the symptoms will continue to resolve and remain in remission." [*Id*.]. Dr. Du Bois therefore reported that Fore's chronic mental illness would require ongoing treatment with antipsychotic medication. [*Id*.]. He cautioned, however, that Fore's "significant history of discontinuing his medication and becoming destabilized" would likely require "significant support . . . in order to maintain his stability." [*Id*. at Page ID# 1085].

Finally, Dr. Du Bois interviewed Fore on November 9, 2022, using the Evaluation of competence to Stand Trial-Revised (ECST-R), which is a "semi-structured clinical interview to assess an individual's competency to stand trial." [*Id*. at Page ID# 1084]. According to Dr. Du Bois, Fore demonstrated a factual understanding of the legal proceedings, as he reported his initial offense charges, indicated with prompting that he readily understood he was charged with a

7

supervised release violation, and described a basic understanding of the role of the judge, jury, prosecution, and his counsel. [*Id*.]. Fore also demonstrated a rational understanding of the legal proceedings, as he was able to discuss how he would evaluate the decision to testify and assess any offers from the prosecution, and there was no indication he would have difficulty attending to information during court proceedings. [*Id*.]. Dr. Du Bois also found that Fore has the present ability to assist counsel, as Fore evinced a rational understanding of his attorney's expectations of him and his expectations of his attorney, exhibited a factual understanding of how to speak to a lawyer, and was able to provide general information about what led to his violations and what his potential defenses to those violations might be. [*Id*.].

Dr. Du Bois ultimately concluded that Fore was competent to face further proceedings in this matter under the standard for competency provided in 18 U.S.C. § 4241. Specifically, Dr. Du Bois summarized his finding as follows:

> In answer to the Court's question posed under subsection [4241](d), as of the date of this report, Mr. Fore remains diagnosed with schizophrenia, multiple episodes. However, his symptoms appear completely or mostly in remission, with any mild remaining symptoms no longer interfering with his ability to engage in rational and logical discussions, nor do they interfere with his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Although the determination of Mr. Fore's current competency and need for further restoration is ultimately a decision for the Court, it is the opinion of the undersigned his mental condition has resolved to the point that he is competent to proceed. Mr. Fore's symptoms have improved due to his consistent compliance with psychiatric medication and are likely to worsen with non-compliance or not being provided the medication. It is therefore imperative to his remaining competent to stand trial that he be offered the medication at any future institution and remain compliant with such medication.

[*Id*. at Page ID# 1085–86].

In sum, Dr. Du Bois appropriately applied the *Dusky* standard as codified in section 4241(a) to determine that Fore is competent to face further proceedings in this matter. Dr. Du Bois accurately described the standard and assessed Fore's competency based on that standard. Based

on Dr. Du Bois's Report, and lacking any evidence to the contrary, the undersigned finds by a preponderance of the evidence that Fore has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

### III. CONCLUSION

The undersigned finds that Fore's competency has been restored to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Fore is competent to face further proceedings in this matter, including a final hearing on alleged violations of supervised release.

The Court issues this Report & Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Court. Failure to object timely to this Report and Recommendation will typically waive that party's right to review.

Entered this the 8th day of December, 2022.

*[signature: Matthew A. Stinnett]*

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY